## IN RE MURRAY'S WILL.

(Filed May 25, 1906).

*Wills — Probate — Evidence — Res Gestae — Declarations Against Interest—Beneficiarst—Executors — Exceptions —Briefs — Probate Courts' Jurisdiction — Charities — Trusts.*

1. On an issue of *devisavit vel non*, where testator made his will while *in extremis*, by which he gave to his wife an estate for life, a question, "Did not the wife of deceased, while the alleged will was being executed, run into the kitchen where witness was and got some water for the deceased and say she was afraid her husband would die before they could get the business fixed?" was properly excluded, as the proposed evidence was not competent as a declaration against interest, the wife having died prior to the trial, nor was it competent as a part of the *res gestae* as it was not made in the presence of testator or any person connected with the will or the execution thereof.

2. The fact that an executor is appointed is sufficient to entitle the will to be admitted to probate, if properly executed, and an exception that the propounder had offered no evidence that there was a beneficiary under the will capable of taking, cannot be sustained, as the courts of probate have no other jurisdiction than to inquire into the execution of the will.

3. Where the appellant's brief does not point out the portion of the charge to which an exception is directed and upon a reading of it this court finds no ground of complaint, the exception cannot be sustained.

4. Where property is devised to trustees with specific instructions to establish and maintain from its income a school "for the education in the common school branches of an English education of the poor white children of Buncombe County, living anywhere in said county," to be conducted in the city of Asheville, and with specific instructions in regard to the terms upon which children may be admitted, their age, etc., and with provision for the election of new trustees, etc., the trusts are sufficiently definite to be sustained as a charity.

ISSUE of *devisavit vel non,* heard before *Judge Walter H. Neal* and a jury, at the May Term, 1905, of the Superior Court of BUNCOMBE.

The record shows that the paper writing, purporting to be the last will and testament of J. L. Murray, deceased, a copy of which is set out, is propounded for probate in open court by Alonzo Rankin and H. S. Harkins, the persons named therein as executors. Whereupon John C. Murray, one of the heirs-at-law and next of kin to the said J. L. Murray, deceased, comes into court and enters a caveat to the probate thereof, and says that the same is not the last will and testament of the said J. L. Murray or any part thereof. Thereupon the issue is framed, to-wit: "Is the said paper writing, or any part thereof, and, if so, what part, the last will and testament of the said J. L. Murray, deceased, or not?" And the said issue is duly certified to the Superior Court of Buncombe County for trial in accordance with the statute. Thereupon process was issued to all the heirs-at-law and distributees of the said J. L. Murray, deceased, which being duly served or service accepted by some of them, the issue was brought to trial before a jury and answered in the affirmative. To a judgment in accordance with the verdict, caveators excepted and appealed.

*In re* MURRAY'S WILL.

*Shepherd & Shepherd, W. J. Cocke, J. M. Gudger, Jr.,* and *H. B. Carter* for the caveators.

*Moore & Rollins* for the propounders.

CONNOR, J.   The record contains nine exceptions to the rulings of His Honor upon the trial, only six of which are noted in the brief.   We will dispose of them in the order presented in the brief.   The first exception which arises is directed to the ruling of His Honor excluding the following question propounded to Miss Octie Murray by the caveators, she having testified that the testator was very sick at the time of the execution of the will and acted strangely; expressed the opinion that he was not capable of transacting any business.   That five or six men came into the room of testator when witness went out.   Thereupon caveators proposed to ask her the following question: "Did not the wife of the deceased, while the alleged will was being executed, run into the kitchen where witness was and get some water for the deceased and say she was afraid her husband would die before they could get the business fixed.   Upon objection of propounders the question was excluded.   Exception.   It appears from the will that the wife whose declarations were sought to be proved was given an estate for life in the property, but had died prior to the trial.   It is insisted that the testimony is competent as a declaration against interest.   We do not think that principle applies to the proposed testimony. At the time the alleged declaration was made it does not appear that the will had been executed nor does it appear that any person in interest was now claiming under Mrs. Murray.   It is further insisted that it is competent as a part of the *res gestae.*   We do not think that it comes within the principle upon which testimony of that character is admitted. It was not made in the presence of testator or any person connected with the will or execution thereof.   It was simply the expression of an apprehension on the part of Mrs. Mur-

ray that her husband would die before the will was executed. Treated as the opinion of Mrs. Murray that her husband was *in extremis* as the basis for the conclusion that he was not capable of executing a will, we do not see how it could be competent. Wills are frequently executed by persons in their last moments and the mere fact that a person expresses an apprehension that the testator will die before signing the will does not, in our opinion, tend to disprove mental capacity. We can see no error in His Honor's ruling in that respect.

The third exception is based upon His Honor's refusal to hold that the propounders had offered no evidence that there was a beneficiary under the will or any one who could take under it and in refusing to hold that such proof was necessary to the validity of the will. We cannot perceive how the construction of the will was presented or could have been passed upon in this proceeding. The courts of probate have no other jurisdiction than to inquire into the execution of the will. The fact that an executor is appointed is sufficient to entitle the will to be admitted to probate, if properly executed. We are not favored with any authorities tending to sustain this exception. The supplementary brief filed by the caveators cites a number of authorities which it is insisted tend to show that the trust undertaken to be set up and the charity established by the will is void. These are interesting questions, but in no proper sense now before the court. The exception cannot be sustained.

The fourth exception is directed to the same question in the form of a prayer for special instruction. "That the paper writing propounded and purporting to be the last will and testament of J. L. Murray, deceased, is not the last will and testament of the said J. L. Murray, deceased, on account of the vagueness and uncertainty of the trust therein attempted to be created and because there is no beneficiary of said will." What we have just said disposes of this exception, together

with the fifth, which is based upon the refusal of His Honor to render judgment for the caveators notwithstanding the verdict.

The sixth exception is in the following words: "That the court erred in calling to the jury's attention the interest of the caveators and their witnesses in the result of this proceeding without explaining to the jury the rules by which they should be governed in considering and deciding upon the testimony of interested witnesses." The brief does not point out the portion of the charge to which this exception is directed and upon a reading of it we find no ground of complaint.

The eighth exception is in the following words: "That the court erred in not calling attention to the fact that Judge Fred Moore, who wrote the said alleged will and superintended its alleged execution, felt an interest in having the will sustained, nor the fact that H. S. Harkins and Alonzo Rankin, the executors and trustees of said alleged will, and J. C. Martin and Clarence Sawyer, the other trustees named, had a pecuniary interest in maintaining said alleged will, all of whom testified for propounders that J. L. Murray, deceased, possessed testamentary capacity at the time of the alleged execution of the will. Specially did the court err as it saw fit to call attention to the interest of some of the caveators and their witnesses."

We have examined the charge of His Honor and find no ground for the alleged complaint. The case on appeal states after setting out the charge: "The court in its charge endeavored to state in substance the evidence of every witness introduced—of each witness for the caveators and the propounders. The court also gave such comment as each counsel made on the evidence and in almost the exact words of the one addressing the jury. There was much of the testimony to which neither side addressed itself, notably the evidence of Hon. Frederick Moore and the subscribing witnesses to the will."

*In re* MURRAY'S WILL.

The charge appears to us to be full and fair, directing the attention of the jury to the questions at issue, testimony, the burden of proof, etc. We find no merit in either of the exceptions to the charge. As we have said, the validity of the trust declared is not presented upon this appeal. We are strongly urged in the brief to declare that the said trusts are invalid. The property, after the death of testator's wife, is given to certain trustees named, with explicit directions to establish and maintain from the income of said property a school "for the education in the common school branches of an English education of the poor white children of Buncombe County, N. C., living anywhere in said county. Said school shall be conducted in a building in the city of Asheville herein devised, or any other building in said city which may be selected by said trustees or their successors in office." Specific directions are given in regard to the terms upon which children may be admitted, their age, etc. Provision is also made for the election of new trustees in the event that either of those appointed should fail to accept, etc.

Without entering into any discussion of the authorities, we cannot perceive why the trusts are not sufficiently definite to be sustained as a charity. The beneficiaries are to be the poor white children of Buncombe County over the age of eight years whose parents are not able to pay tuition, this fact to be ascertained by the said trustees. The school is conducted in the city of Asheville under the direction of the trustees. The purpose of the trust is not only in accordance with law, but in conformity to the highest and best interests of the beneficiaries. It is sufficiently explicit, we think, and comes clearly within a long line of decisions maintaining such charities. The judgment must be

Affirmed.