CARL DICK ET AL. V. BEN MILLER ET AL.

(Filed 22 December, 1908.)

1. **Deeds and Conveyances—Interpretation—Wills.**

> When the language of a paper-writing is that of a deed, describes the lands and contains the usual *habendum* clause, recites a valuable consideration and is therein expressly spoken of by the maker as a deed, the writing cannot be interpreted as a will and is not revocable by the maker as such.

2. **Deeds and Conveyances—Interpretation—Estates in Futuro— Title—Possession.**

> An estate of freehold may commence *in futuro* in this State; and when a deed expresses "the purpose and intent" to convey the lands described, and contains the words "title is vested" in the grantor "during his natural life, then passes to" M., the reservation of the "title" during the grantor's life is construed as the reservation of the possession.

ACTION tried before *Jones, J.,* and a jury, at September Term, 1908, of GUILFORD.

Plaintiffs appealed.

*R. C. Strudwick* for plaintiffs.

*John A. Barringer* and *A. M. Scales* and *Shaw & Hines* for defendants.

CLARK, C. J.    There is but one point raised by this appeal. The paper-writing offered by defendant as a conveyance from Henry Dick to Ben Miller contains the following clause: "The purpose and intent of this deed is to convey the above property to the aforesaid Ben Miller, but title is vested in Henry Dick during his natural life, then title passes to Ben Miller." There is but one witness to the paper, and the plaintiff contends that the paper is a will, and therefore void.

The paper-writing contains the following language: "In consideration of $1 and other valuable services, the party of the first part has bargained and sold, and by these presents does bargain, sell and convey unto the said party of the second part and his heirs a tract of land," etc.    The first words of the instrument are: "This deed, made this 15 March, 1906, by Henry Dick to Ben Miller," etc.    There is a description of the prop-

erty by metes and bounds, the usual *habendum* clause and full covenants of warranty. These are not the words of a will. Throughout the language is that of a deed. There are no words such as are used in a will. If a will, it would have been revocable. This instrument certainly is not.

In this State an estate of freehold may be made to commence *in futuro.* It is clear that the intent here was to convey a present interest, reserving a life estate in the grantor. The reservation of the *title* during the grantor's life was meant doubtless as a reservation of the *possession.* There are cases of "taking the will for the deed," but a court could not mistake this conveyance with warranty, and upon a valuable consideration, for a testamentary and revocable disposition of property.

No Error.