MARGARET PHIFER ET ALS. v. S. W. MULLIS.

(Filed 25 November, 1914.)

1. **Deeds and Conveyances—Legal Significance—Caveat—Wills—Parol Evidence.**

   Where a paper-writing sought to be probated as a will gives unmistakable evidence of its legal character as a deed, *i. e.*, passes a present irrevocable interest, though not necessarily the immediate possession, and made upon a valuable consideration, parol evidence is inadmissible to show a contrary intent, that it was to operate as the will of the maker.

2. **Deeds and Conveyances — Caveat — Wills — Consideration of Services— Equitable Fee—Registration—Delivery—Presumptive Evidence.**

   A paper-writing made by a man and his wife, agreeing to convey to their granddaughter certain described lands, and stating that she shall have the same in consideration of taking care of the makers, that is, she shall well and truly take care of them during their natural lives, etc., and that the conditions of the agreement are such that if the said granddaughter should die before said parties of the first part, then the property belonging to the said parties of the first part at their death shall descend to their lawful heirs and assigns as the law directs: *Held*, the granddaughter, in consideration of the services to be performed, and conditioned upon the consideration of her performing them, took, upon her accepting the deed, an equitable fee *in præsenti* in the lands described, the enjoyment of which was postponed until after the death of the grantors, and then vested absolutely if she had performed the conditions; and it is *Further held*, that the registration of the deed after the death of one of its makers, and found in the possession of the grantee, is evidence of its delivery.

3. **Deeds and Conveyances—Equitable Estates—Estates in Fee—Limitations —Uses and Trusts—Contingent Uses.**

   While at common law an estate in fee cannot be made to cease as to one and to take effect as to another by way of limitation, depending upon a contingent event, it may do so under the doctrine of springing and shifting uses, or conditional limitations; and construing this deed in this case to effectuate the clear intention of the grantors without regard to the severely technical rules of the common law, it is held that the grantors intended to reserve the legal title to the land in themselves for life and to convey an equitable fee therein to the grantee, subject to the life estate of the grantors, to be divested in case she does not survive them, or fails to perform, during their lives, the conditions therein named, and if these conditions are not fulfilled, then the limitations to the makers' heirs shall take effect.

4. **Wills—Caveat—Issues—Deeds and Conveyances—Execution.**

   Upon proceedings to caveat a paper-writing sought to be established as a will, the issue should only relate to the question of *devisavit vel non*, and where it is established from the legal character of the paper offered that it is not a will, but a deed, the courts in that proceeding will not pass upon the validity of its execution.

APPEAL by caveators from *Lane, J.,* at August Term, 1914, of UNION. This is an issue of *devisavit vel non.* These issues were submitted to the jury:

1. Is the paper-writing offered in evidence, and every part thereof, the last will and testament of W. L. and M. S. Griffin, or either of them? Answer: "Yes."

2. If not, did the said W. L. and M. S. Griffin sign the said paper-writing? Answer: "Yes."

3. Has Julia Mullis complied with the conditions expressed in said paper-writing? Answer: "Yes."

The following is the paper-writing offered for probate as a will:

STATE OF NORTH CAROLINA—Union County.

This agreement, entered into this the 18th day of September, A. D. 1903, by and between W. L. Griffin and wife, Mary S. Griffin, of the county aforesaid, of the first part, and Julie Ellen Hill (their granddaughter), of the county and State aforesaid, of the second part, witnesseth: That for and in consideration of the care of the said parties of the first part by the said Julia Ellen Hill during their natural lives, that is to say, if the said Julia Ellen Hill shall well and truly take care of the said W. L. Griffin and wife, Mary S. Griffin, during their natural lives, by providing for them good, wholesome, substantial board, shelter, etc., suitable to their comfort and pleasure, according to her means, and live peaceably with the said parties of the first part, then upon the performance of these conditions the said parties of the first part covenant and agree with the said Julia Ellen Hill to convey to her and that she shall have a certain tract or parcel of land in Union County on the waters of Lanes Creek and bounded as follows, viz.: Beginning at a stake by a pine and runs S. 23 W. 25 50/100 chains to a stake in a path; thence N. 80 E. 1 60/100 chains to a stake by four post oaks; thence S. 84 E. 5 chains to a stake by two post oaks in the old line; thence N. 23 E. 28 chains to a stake in the line of the dower; thence with said line N. 85 W. 5 chains to corner of the dower in a road; thence S. 85 W. 12 50/100 chains to a pine by a fence; then due west 2 chains to the beginning, containing fifty-six (56) acres, more or less, together with all woods, ways, waters, and all appurtenances thereunto belonging, to the said Julia Ellen Hill, her bodily heirs and assigns forever.

The said parties of the first part doth furthermore covenant and agree that upon the fulfillment of the above conditions mentioned, that they will give and convey unto the said Julia Ellen Hill all other property which they may possess, both real and personal, at their death. The conditions of the above agreement are such as that if the said Julia

Ellen Hill should die before the said parties of the first part, then the said property herein described, including both real and personal, belonging to the said parties of the first part at their death shall descend to their lawful heirs and assigns as the law directs.

Now, the conditions of this agreement are such also as that if the said Julia Ellen Hill shall well and truly perform these conditions mentioned, then immediately at our death she is to have and shall have the above described land, together with all the personal property of every description which we may at our death have. But, on the other hand, if the said party of the second part shall fail to execute the above conditions, then this agreement is to be null and void; otherwise, in full force and effect.

Given under our hands and seals this 18th day of September, 1903.

W. L. GRIFFIN,     [SEAL]

Witness:

Her<br>MARY S. &times; GRIFFIN.    [SEAL]<br>mark.

    H. W. LITTLE.

    W. A. HELMS.

The instrument was duly proven as a deed at the instance of Julia Hill before the clerk of the Superior Court on 1 December, 1904, and registered the same day.

From the judgment rendered, the caveators appealed.

*Adams, Armfield & Adams for the caveators.*
*Stack & Parker for the propounders.*

BROWN, J. Parol evidence was received and excepted to for the purpose of proving that the paper offered was intended by W. L. Griffin as a will.

Where the instrument itself suggests uncertainty as to its character, parol evidence of facts and circumstances, as well as instructions given the draftsman, is competent to shed light upon the purpose of the maker. But such evidence is incompetent where the instrument upon its face gives unmistakable evidence as to its legal character, as we think the instrument before us does.

The line of separation between what constitutes a deed and a will is sometimes so shadowy as to make it extremely doubtful whether the instrument is the one or the other. There are certain tests which the text-writers and courts have laid down to determine the character of the instrument, the intention of the maker, to be gathered from the whole instrument, being the controlling rule in determining the question. The

courts do not regard the form of the instrument, except so far as its formal words and declarations may throw light upon the intention of the maker of it.

In order to constitute a will, there must be apparent in the instrument an *animus testandi,* and to determine this, two tests are resorted to; (*a*) whether it operates to create any interest in the grantee prior to the death of the maker, (*b*) whether it is revocable by the maker.

If the grantor intended that the title to the property described in it should pass *eo instanti* upon execution to the grantee, it is a deed, although the interest conveyed or the enjoyment of it is postponed until after the death of the grantor. If the grantor intended that no interests whatever should vest until after his death, it is a will, for a deed cannot be ambulatory in character. Gardner on Wills, p. 15, 9 A. and E. Enc., 91.

An instrument in the form of a deed is declared to be testamentary if it conveys no interest *in præsenti,* is revocable at pleasure, and is not to take effect until the death of the maker. *Peacock v. Monk,* 1 Ves., 127; 30 A. and E. Enc., 576.

In *Allison v. Allison,* 11 N. C., 171, *Chief Justice Taylor* states the distinction as follows: "The difference between a deed and a will is this: the former must take place upon its execution, or never; not by passing an immediate interest in possession, for that is not essential; but it must operate as passing that interest when the deed is executed. Thus, where a father covenants to stand seized to the use of his son, reserving a life estate to himself, the deed takes effect at once, by passing an interest to the son."

The instrument under consideration has all the characteristics of a deed and but few, if any, of a will. It is in form a deed. It does not purport to be the individual will of either one of the signers; there are no testamentary words in the paper, nor is any executor appointed, although this is not essential. As we construe it, it conveys to the grantee a present interest in the property described, although the enjoyment of it is postponed until after the death of the grantors.

An instrument, in form a deed, is declared to be such although it contains these words: "It is hereby distinctly understood and stipulated that this deed shall take and be in full force and effect immediately after the grantor shall depart this life, and not sooner." *Launch v. Logan,* 45 W. Va., 251.

An instrument, in form a deed, executed by a husband and wife, purporting to convey an interest in their property to their son, was adjudged to be a deed, although it was expressly provided therein that it should not take effect until the death of the grantors. *Martin v. Faries,* 22 Texas Civ. App., 539.

In Gardner on Wills, p. 22, a number of cases are cited where instruments have been declared to be deeds, although the enjoyment of the property described therein was postponed until after the death of the grantors.

The consideration upon which this agreement was entered into is stated to be the personal services and the support and care which the grantee was to give to the grantors during their lifetime. They evidently intended it to be a definite contract and agreement, and when the grantee accepted it, she became personally bound, both morally and legally, to render those services.

Again, there is evidence that the grantors parted with the possession of this deed, for it was found in the possession of the grantee before the death of Mary S. Griffin, one of the grantors. It was taken to the clerk of the Superior Court, probated and registered during her life by the grantee, Julia Hill, from which registration the presumption of delivery arises.

Again, the grantors did not undertake to revoke it, and upon its face it is irrevocable, as it is founded upon a valuable consideration, and passes to the grantee an equitable interest in the property, which may vest absolutely *in futuro* upon the performance of the conditions expressed in the instrument.

It is contended that the paper-writing cannot operate as a deed in fee because a fee simple cannot be made to take effect *in futuro,* and that, therefore, it must operate as a will or not at all. It is true that at common law an estate in fee cannot be made to cease as to one and to take effect as to another by way of limitation, dependent upon a contingent event. But it is settled that limitations of that kind may take effect by way of use. Out of this arose the doctrine of springing and shifting uses, or conditional limitations. An illuminating opinion on this subject is that of *Mr. Justice Ashe* in *Smith v. Brisson,* 90 N. C., 285.

In construing this paper-writing as a deed, we must take it as a whole and endeavor to deduce the clear intention of the grantors without regard to the severely technical rules of the common law. *Triplett v. Williams,* 149 N. C., 394; *Beacon v. Amos,* 161 N. C., 365.

So construing this deed, it is manifest that the grantors intended to preserve in themselves the legal title to said property during their lives; that they then intended to convey the fee to Julia Hill upon condition, first, that she survived the grantors, and, second, that she fulfilled the other condition, as to the support and care of the grantors.

The operative clauses of the deed are that "the said parties of the first part covenant and agree with said Julia E. Hill to convey to her and that she shall have a certain tract of land (describing it), with the appurtenances thereto belonging, to the said Julia Ellen Hill, her bodily heirs and assigns forever."

We are of opinion that the effect of this instrument is to convey to Julia Hill an equitable fee in the property therein described, subject to the life estate of the grantors, to be divested in case she does not survive the grantors or fails to perform during their lives the other condition set out therein.

In case these conditions are not fulfilled, then the limitations over to the heirs at law take-effect. That a conveyance of this character may be made, we think finds support in the reasoning and principles laid down in *Smith v. Brisson, supra.*

It is alleged in the caveat that the property described in the deed is the property of the wife, Mary S. Griffin, and that the deed has not been executed according to law, there being no privy examination. We will not in this proceeding pass upon the validity of the execution of the deed, or as to which one of the grantors owned the property described in it. The execution of the deed and the rights of parties claiming under it will be more properly adjudicated when the grantee asserts her rights under it. In this proceeding we have commented upon and examined the context of and construed the instrument to demonstrate that it is a deed and not a will.

The paper was proved in common form before the clerk as a will. The effect of the caveat is to require the paper-writing to be proved again in solemn form in term-time and before a jury of the Superior Court, and no other issue is raised or is appropriate in such proceeding except that of *devisavit vel non,* which is the first issue, *supra.*

In *Wood v. Sawyer,* 61 N. C., 268, it is stated: "The uniform practice, when a paper-writing is offered for probate as a will, has been to prove the execution of the paper and obtain an order that it be recorded without consideration of its contents, except so far as to see that it purports to be a will. And where the validity of the will is questioned, and it is submitted to a jury, the jury is restricted to the same inquiries.

"Where there is no objection, the court passes upon the validity of the paper, and where there is objection, the jury passes upon it; and in either case the proceeding is *in rem.* The probate passes upon the rights of no one under the will, but only establishes it as a will, leaving the rights of the parties to be ascertained thereafter."

To the same effect is *Murray's will,* 141 N. C., 591. When it is determined that the paper-writing offered is not a will, probate is refused, and that ends the proceeding.

We have considered the cases cited by the propounders, and do not think that they are authoritative here. *In re Will of Belcher,* 66 N. C., 51, is a case where a paper-writing, in form a deed, was probated as a will. It was the individual instrument of Belcher and not joined in by his wife. It was not based upon a valuable consideration, but upon nat-

ural love and affection, and passed no interest whatever in the property described to the grantee until after Belcher's death. There is a radical difference between the two cases.

*Tilley v. King,* 109 N. C., 461, is equally valueless as a precedent. That was not an issue of *devisavit vel non,* but involved only the construction of a will which had already been admitted to probate as such. There was no controversy that it was not a will, and that point was not considered.

Upon a review of the whole case, we are of opinion that his Honor erred in holding that the paper-writing was a will. The judgment of the Superior Court is

Reversed.