In the Matter of the Last Will and Testament of P. B. CAMPBELL.

(Filed 7 April, 1926.)

**Wills—Caveat—Issues—Devisavit Vel Non—Interpretation.**

> A caveat to a will does not present the determination as to the sufficiency of any clause of the paper-writing, or whether a trust therein imposed is sufficiently definite, but only whether it was or was not the will of the testator, or whether it was witnessed or probated as the statute requires, etc.

APPEAL by caveator from *Webb, J.,* at February Term, 1926, of FORSYTH. Affirmed.

Mary Crutchfield, sister of P. B. Campbell, filed a caveat to his will alleging want of mental capacity, undue influence and interested parties who witnessed the will. The record shows:

"Monday, 8 February, 1926, the caveator moved the court to be allowed to amend her pleadings, as appears in the written amendment. The court in its discretion allows the amendment, and the defendants except:

### AMENDMENT TO CAVEAT.

(d) That the purported granting clause of said paper-writing in the second paragraph of the second article is void for indefiniteness, in that there is nothing provided to guide, check or control an unbridled discretion of the trustees.     WALTER E. BROCK, *Attorney for Caveator.*

Mr. Brock—I shall abandon the claim of undue influence and mental capacity. The only two grounds that I think we can ask to be heard on with any degree of success are the allegations of interested parties who witnessed the instrument, and of the last amendment which I have offered.

### Issue and Verdict.

1. Is the paper-writing offered in evidence, and every part thereof, the last will and testament of P. B. Campbell, deceased? Answer: Yes.

### Judgment.

This cause coming on to be heard and being heard before his Honor, James L. Webb, judge presiding, and a jury, at the February Term, 1926, of the Superior Court of Forsyth County, on the caveat filed by Mary Crutchfield in the above entitled action, and it appearing to the court that the issue was submitted to the jury and answered as indicated. It is, therefore, ordered and adjudged that the said will referred to in the said caveat is the valid will of P. B. Campbell, deceased; that the said caveat be dismissed and the caveator taxed with the cost.

Jas. L. Webb, <i>Judge Presiding.</i>

### Entries on Appeal.

The court: The issue was submitted to the jury which was answered 'Yes,' and the caveator excepted. Judgment—exception. The caveator appeals to the Supreme Court. Notice of appeal given in open court, and further notice waived. Appeal bond fixed at $50.00. The caveator permitted to file prayer asking the court to hold as a matter of law that the will invalid on account of the witnesses thereto being interested in the property willed and furthermore that the will is void for uncertainty, and asking the court to direct a verdict accordingly. This prayer was refused by the court and exception. It is agreed that the record and the evidence in this case shall constitute the case on appeal to the Supreme Court.

### Case on Appeal.

This was a caveat tried at February Term, 1926, of the Superior Court of Forsyth County, before Honorable Jas. L. Webb, judge presiding and a jury.

The propounder offers in evidence the will. Objection by the caveator is overruled. The propounder rests.

At the close of the propounder's evidence the counsel for the caveator moved the court to direct a verdict that the will was invalid for uncertainty. Motion overruled, and caveator excepts.

---

---

### JUDGE'S CHARGE.

The court charged the jury as follows:

Gentlemen of the jury: A caveat was filed to the will of P. B. Campbell, and in that caveat they alleged that he had not sufficient mental capacity to make a will, and another reason that there was undue influence used in procuring the making of the will. The caveator before the court, abandons these two suggestions.

The will has been introduced and the witnesses to the will, and the witnesses to the will who have been introduced testified that they signed the will that has been introduced at the request of the maker of the will, Campbell, signed it in his presence and in the presence of each other, and at his request, and testified that he was a man capable of making a will, knew what he was about, and of sufficient mental capacity to make it. So the court charges you if you believe all this evidence, you will answer this issue 'Yes,' 'Is the paper-writing offered in evidence, and every part thereof, the last will and testament of P. B. Campbell, deceased?' If you believe it, you will answer that 'Yes,' under the instructions of the court."

The caveator assigned the following errors:

(1) The court erred in overruling the caveator's motion for a directed verdict.

(2) To the charge of the court below commencing with "the will has been introduced," etc.

The caveator assigned error and duly appealed to the Supreme Court.

*Walter E. Brock and Richmond Rucker for caveator.*
*Manly, Hendren & Womble for propounders.*

CLARKSON, J. The question for us is caveator's present contention: "That the purported granting clause of said paper-writing in the second paragraph of the second article is void for indefiniteness, and there is nothing provided to guide, check or control an unbridled discretion of the trustees." All other assignments of error are deemed abandoned. Rules of Practice in the Supreme Court, 28. 185 N. C., p. 798. This contention of caveator we cannot consider. The only issue is *devisavit vel non.*

Mary Crutchfield filed a caveat to the will of P. B. Campbell—this was a proceeding *in rem* to determine the testacy or intestacy of the deceased. *In re Westfeldt,* 188 N. C., p. 705. The only issue: "Is the paper-writing offered in evidence and every part thereof, the last will and testament of P. B. Campbell, deceased?"

40 Cyc., p. 1231, states it thus: "In proceedings to probate a will, the only proper and necessary matters for consideration and determina-

tion are the testamentary capacity of the testator, the due execution of the will in accordance with the statutory requirements, and the presence or absence of fraud, mistake, or undue influence; matters of interpretation and construction, as well as the validity of particular bequests and devises, are not involved and are without the power of the court to consider and determine, unless express authority to determine such questions is given by statute."

In *Wood v. Sawyer,* 61 N. C., p. 268, *Reade, J.,* said: "The uniform practice, when a paper-writing is offered for probate as a will, has been to prove the execution of the paper and obtain an order that it be recorded, without consideration of its contents, except so far as to see that it *purports* to be a will. And where the validity of the will is questioned, and it is submitted to a jury, the jury is restricted to the same inquiries. Where there is no objection, the court passes upon the validity of the paper, and where there is objection, the jury passes upon it; and, in either case, the proceeding is *in rem.* The probate passes upon the rights of no one under the will, but only establishes it as a will, leaving the rights of parties to be ascertained thereafter."

*H. G. Connor, J., In re Murray,* 141 N. C., 591, says: "We cannot perceive how the construction of the will was presented or could have been passed upon in this proceeding. The courts of probate have no other jurisdiction than to inquire into the execution of the will. The fact that an executor is appointed is sufficient to entitle the will to be admitted to probate, if properly executed. We are not favored with any authorities tending to sustain this exception. The supplementary brief filed by the caveators cited a number of authorities which it is insisted tend to show that the trust undertaken to be set up and the charity established by the will is void. These are interesting questions, but in no proper sense now before the court."

In *Phifer v. Mullis,* 167 N. C., 410, the late lamented *Geo. H. Brown, J.,* said: "The paper was proved in common form before the clerk as a will. The effect of the caveat is to require the paper-writing to be proved again in solemn form in term-time and before a jury of the Superior Court, and no other issues are raised or is appropriate in such proceeding except that of *devisavit vel non."* See *In re Harrison,* 183 N. C., 457; *In re Southerland,* 188 N. C., 325.

The question presented by caveator as to the construction of the clause in the will cannot be determined on this record.

For the reasons given, the judgment below is

Affirmed.