L. H. BECK, TRUSTEE IN BANKRUPTCY OF THE ESTATE OF A. G. BLANCHARD, SR., BANKRUPT, v. DEXTER BLANCHARD, MAGGIE E. BLANCHARD, A. J. BLANCHARD, A. G. BLANCHARD, JR., AND OTHERS.

(Filed 15 June, 1936.)

**Deeds A a—Instrument in this case held a deed and not a will.**

> A husband and wife executed a paper writing purporting to convey the lands therein described, but stipulating that it was understood that they "retain and reserve to themselves their right and title to all the above lands during their life, and this deed to become effective at and after the death" of the husband and wife. *Held:* The instrument is a deed and not a will, since it evidences the intent that title should pass to the person therein named upon the execution of the instrument, reserving the right of possession in the husband and wife, and the instrument conveys the title with the right to possession postponed until after the death of the surviving husband or wife.

APPEAL by defendants from *Barnhill, J.,* at March Term, 1936, of WAKE. Reversed.

This is an action to recover judgment that a certain paper writing, dated 15 September, 1931, and executed by A. G. Blanchard and his wife, Maggie E. Blanchard, purporting to convey the lands described therein to the defendants, is ineffective and inoperative as a deed of conveyance, because of certain provisions contained in said paper writing, or, if said paper writing is a deed of conveyance, that it is void, because executed without consideration and in fraud of creditors, and for judgment in either case that plaintiff is the owner and is entitled to the immediate possession of the lands described in said paper writing, as an asset of the estate of A. G. Blanchard, bankrupt.

The action was heard on plaintiff's motion for judgment on the admissions in the pleadings that the paper writing described in the complaint is ineffective and inoperative as a deed of conveyance. The facts admitted in the pleadings are as follows:

On 15 September, 1931, A. G. Blanchard and his wife, Maggie E. Blanchard, executed a paper writing, which purports to convey the lands described therein to the defendants, subject to the following provision which is contained in the paper writing:

"It is expressly understood that the said A. G. Blanchard, Sr., and his wife, Maggie E. Blanchard, do hereby retain and reserve to themselves their right and title to all the above lands during their life, and this deed to become effective at and after the death of A. G. Blanchard, Sr., and his wife, Maggie Blanchard."

The said paper writing was duly recorded in the office of the register of deeds of Wake County on 29 October, 1931.

After the said paper writing had been recorded, in a proceeding in bankruptcy pending in the District Court of the United States for the Eastern District of North Carolina, on or about 19 May, 1932, A. G. Blanchard, Sr., was duly adjudged a bankrupt, and thereafter the plaintiff was elected, appointed, and duly qualified as trustee in bankruptcy of the estate of A. G. Blanchard, Sr., bankrupt. Thereafter, and prior to the commencement of this action, A. G. Blanchard, Sr., died, leaving surviving as his widow the defendant Maggie E. Blanchard.

At the hearing of plaintiff's motion, the court was of opinion that the paper writing dated 15 September, 1931, and executed by A. G. Blanchard, Sr., and his wife, Maggie E. Blanchard, is ineffective and inoperative as a deed of conveyance, because of the provisions contained therein whereby A. G. Blanchard and his wife, Maggie E. Blanchard, retained and reserved to themselves their right and title to the lands described in said paper writing, and whereby they declared that it was understood that said paper writing was to become effective at and after the death of the said A. G. Blanchard, Sr., and his wife, Maggie E. Blanchard, and accordingly so adjudged.

It was further ordered and adjudged by the court that the plaintiff, as trustee in bankruptcy of the estate of A. G. Blanchard, Sr., bankrupt, is the owner and is entitled to the immediate possession of the lands described in the paper writing, subject to the dower rights of the defendant Maggie E. Blanchard, widow of A. G. Blanchard, Sr., deceased.

The defendants excepted to the judgment and appealed to the Supreme Court, assigning as error the signing of the judgment by the court.

*Burgess & Baker for plaintiff.*
*John W. Hinsdale for defendants.*

CONNOR, J. It is manifest, we think, from the language of the paper writing which was executed by A. G. Blanchard, Sr., and his wife, Maggie E. Blanchard, on 15 September, 1931, that it was their intention thereby to convey the lands described in the paper writing to the defendants, reserving the right to the possession of said lands to themselves during their joint lives, and to the survivor during his or her life. It is clear that it was not their intention to devise said lands to the defendants. The paper writing is therefore a deed and not a will. See *Phifer v. Mullis,* 167 N. C., 405, 83 S. E., 582. In that case it is said: "If the grantor intended that the title to the property described in it should pass *eo instanti* upon execution to the grantee, it (*i.e.,* the paper

writing) is a deed, although the interest conveyed or the enjoyment of it is postponed until the death of the grantor."

The effect of the clause contained in the paper writing, and set out in the statement of the case, when properly construed (see *Dick v. Miller,* 150 N. C., 63, 63 S. E., 176), is to postpone the right of the defendants to the possession of the lands conveyed to them to the death of the grantors. The title to the lands described in the paper writing vested in the defendants immediately upon the execution and delivery of the paper writing.

The judgment is reversed and the action remanded to the Superior Court of Wake County for the trial of the issues raised by the pleadings.

Reversed.