EXECUTIVE MEDICAL TRANSPORTATION, INC., T/A EXECUTIVE TRANSPORTATION OF NORTH CAROLINA, INC., PLAINTIFF, v. JONES COUNTY DEPARTMENT OF SOCIAL SERVICES AND THE COUNTY OF JONES, DEFENDANTS

No. COA12-573

(Filed 6 November 2012)

**Contracts—breach of contract—no certificate of compliance— no valid contract**

The trial court erred in a breach of contract action by denying defendant's motions for judgment on the pleadings and to dismiss pursuant to N.C.G.S. § 1A-1, Rules 12(c) and 12(b)(6). No valid contract existed between the parties according to N.C.G.S. § 159-28(a) where no certificate of compliance existed.

Appeal by defendants from order entered 12 March 2012 by Judge Jack W. Jenkins in Jones County Superior Court. Heard in the Court of Appeals 10 October 2012.

*John P. Marshall of WHITE & ALLEN, PA, attorney for plaintiff.*

*Scott Hart and Aaron D. Arnette of SUMRELL, SUGG, CARMICHAEL, HICKS & HART, PA, attorneys for defendants.*

EXECUTIVE MED. TRANSP., INC. v. JONES CNTY. DEP'T OF SOC. SERVS.

[223 N.C. App. 242 (2012)]

ELMORE, Judge.

Jones County Department of Social Services and the County of Jones (together defendants) appeal from an order denying their motion for judgment on the pleadings and motion to dismiss pursuant to Rules 12(c) and 12(b)(6). We reverse and remand.

In July 2008, Jones County Department of Social Services (DSS) entered into an oral contract with Executive Medical Transportation, Inc., T/A Executive Transportation of North Carolina, Inc. (plaintiff), in which plaintiff agreed to provide transportation services to residents of Jones County. The contract was for one year, and renewed annually in July 2009, July 2010, and July 2011. However, in November 2011, DSS informed plaintiff that it was terminating their arrangement.

On 1 December 2011, plaintiff filed suit for breach of contract. On 21 February 2012, defendants filed a motion for judgment on the pleadings and a motion to dismiss pursuant to Rules 12(c) and 12(b)(6) of the North Carolina Rules of Civil Procedure. On 12 March 2012, the trial court entered an order denying both motions. Defendants now appeal.

Defendants argue that the trial court erred in denying their motions because no valid contract existed between the parties according to N.C. Gen. Stat. §159-28(a). We agree.

"This Court reviews de novo a trial court's ruling on a motion to dismiss." *Transp. Servs. of N.C., Inc. v. Wake County Bd. of Educ.*, 198 N.C. App. 590, 593, 680 S.E.2d 223, 225 (2009). "Dismissal of a complaint is proper . . . when one or more of the following three conditions is satisfied: (1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim." *Cincinnati Thermal Spray, Inc. v. Pender County*, 101 N.C. App. 405, 408, 399 S.E.2d 758, 759 (1991) (quotations and citations omitted).

Here, plaintiff filed suit against defendant for breach of contract. "N.C. Gen. Stat. § 159-28(a) sets forth the requirements and obligations that must be met before a county may incur contractual obligations." *Cincinnati Thermal Spray, Inc. v. Pender County*, 101 N.C. App. 405, 407, 399 S.E.2d 758, 759 (1991). According to the statute, "[i]f an obligation is evidenced by a contract or agreement requiring the payment of money . . . the contract [or] agreement . . . shall

include on its face a certificate stating that the instrument has been preaudited to assure compliance with this subsection." N.C. Gen. Stat. § 159-28 (2012). Further, "[w]here a plaintiff fails to show that the requirements of N.C. Gen. Stat. § 159-28(a) have been met, there is no valid contract, and any claim by plaintiff based upon such contract must fail." *Data Gen. Corp. v. County of Durham*, 143 N.C. App. 97, 103, 545 S.E.2d 243, 247 (2001) (citation omitted).

The case at hand is similar to *Cincinnati Thermal Spray*. There, the plaintiff filed suit against Pender County for breach of an oral contract. Pender County filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted, and the trial court granted the county's motion. On appeal, this Court affirmed the trial court's decision because no valid contract existed between the parties. We determined that "[p]laintiff has made no showing that . . . a certificate of compliance . . . exists." *Cincinnati Thermal Spray*, 101 N.C. App. at 408, 399 S.E.2d at 759. We then held "that plaintiff's first claim for [breach of contract] fails because plaintiff is unable to show that N.C. Gen. Stat. § 159-28(a) has been followed." *Id.* at 408, 399 S.E.2d at 759.

Likewise, here plaintiff has made no showing that a certificate of compliance exists. As such, no valid contract can exist between the parties. Thus, we conclude that the trial court erred in denying defendants' motion to dismiss.

Further, we note that on appeal plaintiff argues that the certificate of compliance requirement of N.C. Gen. Stat. § 159-28(a) only applies to written contracts. In essence, plaintiff contends that implicit in the plain language of N.C. Gen. Stat. §159-28(a) is the requirement that in order for the statute to apply, the agreement must be in writing. However, plaintiff has failed to distinguish its case from *Cincinnati Thermal Spray* in any meaningful or persuasive manner.

Reversed and remanded.

Judges STROUD and BEASLEY concur.