An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-125

Filed: 6 October 2015

Guilford County, No. 11 E 1739

In the Matter of the Will of SARAH M. FULLER, Deceased.

Appeal by caveators-appellants from Order entered 5 September 2014 by Judge R. Stuart Albright in Guilford County Superior Court. Heard in the Court of Appeals 12 August 2015.

> *GORDON LAW OFFICES, by Harry G. Gordon, for caveators-appellants.*
>
> *HIGGINS BENJAMIN, PLLC, by Gilbert J. Andia, Jr., for caveators-appellees.*

ELMORE, Judge.

Jerry E. Moore and Catherine S. Wilson (together appellants) appeal from the trial court's Order granting Julie S. King and Buford Bradley King's (together appellees) motion to dismiss based on failure to state a claim for which relief can be granted. After careful consideration, we reverse the trial court's Order.

## I. Background

On 30 October 2008, appellees signed a promissory note promising to pay to Truman E. Fuller and his wife, Sarah M. Fuller, the principal sum of $318,000 with

interest at the rate of four percent per annum. Specifically, appellees agreed to pay $1,000 per month beginning 1 January 2009 for sixty months, with the entire amount due 31 December 2014. The note provided, "If either Truman E. Fuller or Sarah M. Fuller should die, then this Note shall be due to the survivor and if no survivor, then to the Estate of the last survivor."

Also on 30 October 2008, Sarah M. Fuller (the deceased) executed a Last Will and Testament (the will). The will named the deceased's husband as executor and residuary beneficiary. In the event her husband predeceased her, however, the will named Moore, her brother, as residuary beneficiary and contingent executor.

At issue on appeal is Article V of the will, which states, "If Julie S. King and Bradley King still owe money for the loan I made to them for their house on Hunsucker Road, I forgive the debt still owing at the time of my death." In June 2009 the deceased executed a codicil to her will, which provides, "I revoke Article V of my said will and make no substitution thereof." As the deceased's husband predeceased her, Moore became executor on her passing on 10 June 2011. Moore offered for probate the will and codicil on 29 June 2011.

On 31 August 2011, Moore filed suit and commenced foreclosure to collect on the promissory note owed to the estate by appellees. Appellees responded by filing a caveat (the first caveat) on 14 September 2011 seeking a judgment to set aside and annul the codicil, contending that the deceased lacked sufficient capacity to manage

her affairs at the time the codicil was executed.

Because the three-year statute of limitations was nearing and the first caveat was not set for trial, appellants filed a caveat (the second caveat) on 27 June 2014 contesting Article V of the will, arguing that it was the product of undue influence by appellees. Specifically, appellants requested the following: "That a judgment be entered setting aside and annulling Article V of the October 30, 2008 Last Will and Testament of Sarah M. Fuller, and adjudging the same not be a valid part of the Last Will and Testament of Sarah M. Fuller."

Appellees filed a motion to dismiss the second caveat pursuant to North Carolina Civil Procedure Rule 12(b)(6) on 28 July 2014 and filed an amended motion to dismiss on 4 August 2014. On 3 September 2014, appellants filed a request for findings of fact and conclusions of law pursuant to Rule 52 regarding the trial court's decision to allow the amended motion to dismiss.

The trial court granted appellees' motion to dismiss by the Order entered on 5 September 2014. Appellants filed a notice of appeal to this Court on 6 October 2014. Regarding the first caveat, on 6 April 2015 a jury found that the deceased "lack[ed] sufficient mental capacity to make and execute a will at the time the Codicil was executed[.]" The trial court ordered that the codicil was "legally invalid for lack of testamentary capacity" and awarded attorney's fees in the amount of $98,866.20 to appellees. The trial court did not consider the validity of the rest of the will. As a

result, Article V of the will is no longer revoked and appellees' debt evidenced by the promissory note is forgiven.

## II. Analysis

### A. Final Judgment

Appellants contend that the Order dismissing the second caveat was a final judgment and, thus, their appeal is properly before this Court under N.C. Gen. Stat. § 7A-27(b)(1). Alternatively, they claim under N.C. Gen. Stat. § 7A-27(b)(3) that the Order affects a substantial right, effectively determines the action and prevents a judgment from which an appeal may be taken, and discontinues the action. Appellees object to appellants' statement of the grounds for appellate review.

Our Supreme Court has previously stated, "The *refusal* of a motion to dismiss an action is not appealable, but . . . the *allowance* of a motion to dismiss is final, and of course appealable." *Clements v. R. R.*, 179 N.C. 225, 225–26, 102 S.E. 399, 400 (1920) (emphasis added). Here, because the trial court allowed the motion to dismiss, the Order is final and appealable, and jurisdiction in this Court is proper. N.C. Gen. Stat. § 7A-27(b) (2013) (stating that appeal lies of right directly to the Court of Appeals from any final judgment of a superior court).

### B. Standard of Review

"We review *de novo* the grant of a motion to dismiss." *Neier v. State*, 151 N.C. App. 228, 232, 565 S.E.2d 229, 232 (2002). "A Rule 12(b)(6) motion tests the legal

sufficiency of the pleading." *Carlisle v. Keith*, 169 N.C. App. 674, 681, 614 S.E.2d 542, 547 (2005) (citing *Sterner v. Penn*, 159 N.C. App. 626, 628, 583 S.E.2d 670, 672 (2003)). In ruling on a motion to dismiss, "the trial court must discern whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Id.* (citing *Shell Island Homeowners Ass'n v. Tomlinson*, 134 N.C. App. 217, 225, 517 S.E.2d 406, 413 (1999)).

One or more of the following three conditions must be satisfied to properly dismiss a complaint: "(1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim." *Executive Med. Transp. v. Jones Cnty. Dep't of Soc. Servs.*, 223 N.C. App. 242, 243, 735 S.E.2d 352, 353 (2012) (quoting *Cincinnati Thermal Spray, Inc. v. Pender Cnty.*, 101 N.C. App. 405, 408, 399 S.E.2d 758, 759 (1991)). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Morris v. Plyler Paper Stock Co.*, 89 N.C. App. 555, 557, 366 S.E.2d 556, 558 (1988) (citing *Johnson v. Bollinger*, 86 N.C. App. 1, 4, 356 S.E. 2d 378, 381 (1987)).

C. Arguments

Appellants argue that the trial court erred by: (1) granting appellees' motion

to dismiss the second caveat; (2) dismissing the caveat filed by devisee Catherine S. Wilson because of any act or acts by executor Jerry Moore; and (3) failing to make required and requested findings of fact and conclusions of law.

Appellees set forth a number of arguments in response, including: (1) there is no authority for the filing of a second caveat in a single estate proceeding; (2) appellants could have challenged the validity of Article V of the will without the second caveat petition; (3) appellants are judicially estopped from taking one position regarding a will in probate and a different position in the same proceeding regarding the will in a caveat; (4) there is no legal authority to allow appellants to challenge a portion of a will after the case has been sent to superior court; (5) appellants waived their right to appeal by not seeking a continuance to allow this Court to rule on its appeal before trial regarding the first caveat; (6) dismissal of the caveat was appropriate based on unnecessary delay; and (7) findings of fact and conclusions of law were not required because this Court will review the trial court's Order *de novo* anyway.

*1. Filing a Caveat*

The authority to file a caveat to contest a will in North Carolina is provided by statute. Specifically, N.C. Gen. Stat. § 31-32 provides,

> At the time of application for probate of any will, and the probate thereof in common form, or at any time within three years thereafter, any party interested in the estate, may appear in person or by attorney before the clerk of the

superior court and enter a caveat to the probate of such will[.]

N.C. Gen. Stat. § 31-32(a) (2013). "Upon the filing of a caveat, the clerk shall transfer the cause to the superior court for trial by jury." N.C. Gen. Stat. § 31-33(a) (2013).

Under the traditional view, our Supreme Court has stated that an issue raised by caveat "must be tried by a jury and not by the judge." *In re Will of Hine*, 228 N.C. 405, 410, 45 S.E.2d 526, 529 (1947). Furthermore, the Court noted, "Nor may a nonsuit be entered at the instance of the propounders or other parties concerned." *Id.* (citing *Burney v. Holloway*, 225 N.C. 633, 636, 36 S.E.2d 5, 7 (1945)).

In recent years, our appellate courts have upheld dispositive motions in caveat proceedings. Our Supreme Court upheld a motion for a directed verdict in a caveat proceeding, holding, "it is proper for the trial court under Rule 50 of the Rules of Civil Procedure to enter a directed verdict in favor of the caveators and adjudge, as a matter of law, that there can be no probate." *In re Will of Mucci*, 287 N.C. 26, 36, 213 S.E.2d 207, 214 (1975).

This Court clarified that "although motions for directed verdict have not generally been granted in caveat proceedings, our Courts have carved out exceptions to this traditional rule[.]" *In re Will of Smith*, 159 N.C. App. 651, 655, 583 S.E.2d 615, 619 (2003). Following the more recent cases cited above, this Court has stated, "[s]ummary judgment may be entered in a caveat proceeding in factually appropriate cases," and "in appropriate circumstances, the trial court may enter a directed verdict

in a caveat proceeding." *In re Will of Mason*, 168 N.C. App. 160, 165, 606 S.E.2d 921, 924 (2005).

### 2. *Undue Influence*

In *In re Will of Campbell*, 155 N.C. App. 441, 449, 573 S.E.2d 550, 557 (2002), the caveators challenged a will and codicil as the product of undue influence. The propounders moved for partial summary judgment, which the trial court granted. *Id.* The caveators argued that "partial summary judgment is not authorized in caveat proceedings because the filing of a caveat necessitates a probate proceeding in solemn form with a jury trial." *Id.* at 450, 573 S.E.2d at 558. This Court stated that "[w]hile it is true that the issue of *devisavit vel non* (a determination of whether the will is valid) must be tried by a jury, *In re Will of Roediger*, 209 N.C. 470, 476, 184 S.E. 74, 77 (1936), it does not follow that partial summary judgment as to other issues (such as undue influence) is prohibited." *Campbell*, 155 N.C. App. at 450, 573 S.E.2d at 558. Drawing a narrow distinction, we determined that partial summary judgment was authorized in a caveat proceeding. *Id.* at 451, 573 S.E.2d at 558. In upholding the trial court's order, the *Campbell* Court concluded that the caveators failed to carry their burden of proving undue influence as their evidence was "comprised of conclusions rather than statements of fact." *Id.* at 459, 573 S.E.2d at 563.

Here, unlike in *Campbell*, the trial court did not grant the motion to dismiss based on appellants' failure to prove a *prima facie* case of undue influence. The trial

court's Order provides as follows:

> The Kings, through counsel, asserted that the Caveat filed by Jerry E. Moore and Catherine S. Wilson failed to state a claim upon which relief could be granted because 1) North Carolina law, N.C.G.S. § 31-32 et. seq., and cases construing that statute, do not allow an interested party to file a caveat to only a part of a Will but require a challenge be made to the entire document only; 2) Jerry E. Moore, the residuary beneficiary but also the executor, being a proponent of the Will and Codicil and having signed an oath as Executor that he believed the Will and Codicil to be the Last Will and Testament of the decedent, is precluded by judicial estoppel from challenging the Will by caveat as it would violate his oath as executor and proponent of the Will; and 3) Jerry E. Moore, after accepting all of the benefits under the Will, cannot now file a caveat to the Will. The Court, having reviewed the Court file, the brief submitted by the Kings, the cases and citations of authority submitted by both parties, and hearing arguments, and after argument by counsel, finds and orders as follows:
>
> 1. The Motion to Dismiss the Caveat (Second) under Rule 12(b)(6) for failure to state a claim upon which relief can be granted should be, and is hereby ALLOWED[.]

Significantly, the Order fails to even mention undue influence, and it is unclear why the trial court granted the motion.

Despite appellants' specific request for findings of fact and conclusions of law, the trial court merely restates the arguments presented by appellees and summarily grants the motion. When appellants filed their motion pursuant to Rule 52 of the North Carolina Rules of Civil Procedure, the trial court was required to make the requested findings of fact and conclusions of law. *Agbemavor v. Keteku*, 177 N.C. App.

546, 550, 629 S.E.2d 337, 341 (2006). Because the Order makes no mention of the basis for the trial court's ruling, we address each of the three assertions included in the Order.

D. The Trial Court's Order

*1. Caveat to Only Part of a Will*

Appellees contend that the second caveat was "properly dismissed in that it seeks to invalidate only a portion of the will, and the only authority in a caveat is to determine whether the writing, i.e. the whole writing, is the Last Will and Testament of the decedent or not." We disagree.

Appellees fail to cite a single case standing for their proposition stated above. "It is not essential in [a caveat] proceeding[ ] that the entire will be contested and set aside." *Sumner v. Staton*, 151 N.C. 194, 199, 65 S.E. 902, 905 (1909). "It is well settled that when the probate of a will is contested on the ground of undue influence, one or more of the provisions may be sustained as valid, while others are set aside." *Id.* at 199, 65 S.E. at 905–06; *see also McDonald v. McLendon*, 173 N.C. 172, 176, 91 S.E. 1017, 1019 (1917) (stating that the jury could "pass upon the validity of the whole will or of any part of it"); *Gash v. Johnson*, 28 N.C. 289, 291 (1846) (stating that the jury could find whether any part of the paper-writing was not part of the last will and that the rest of the paper-writing was the will).

Appellees cite a portion of our Supreme Court's decision in *In re Campbell*, but

fail to consider the entire quote. Appellees state, "In proceedings to probate a will, 'the validity of particular bequests and devises, are not involved and are without the power of the court to consider and determine, unless express authority to determine such questions is given by statute.'" *In re Campbell*, 191 N.C. 567, 570, 132 S.E. 472, 473 (1926). However, the beginning of the quote reads, "In proceedings to probate a will, the only proper and necessary matters for consideration and determination are the testamentary capacity of the testator, the due execution of the will in accordance with the statutory requirements, and the presence or absence of fraud, mistake, or undue influence[.]" *Id.* at 569–70, 132 S.E.2d at 473.

Here, appellants filed a caveat to set aside a portion of the will, Article V, based on undue influence. Under our case law, appellants were not required to challenge the entire will, and it is proper for a court to set aside a single provision as the product of undue influence while sustaining as valid the rest of the will. *See Sumner*, 151 N.C. at 199, 65 S.E. at 905–06. Accordingly, the trial court erred in concluding that appellants may not file a caveat to challenge only part of a will. Notably, if appellees' argument is correct, they would be precluded from contesting only the codicil because they too would be seeking to invalidate only a portion of the will.

### 2. *Judicial Estoppel*

Appellees additionally argue that "Mr. Moore, filed the 2008 Will and 2009 Codicil with the Clerk and offered that composite writing into probate, and then took

the position of propounder in the caveat. Appellants attempted to take inconsistent legal positions in the Caveat (Second) by attempting to dispute the very same document[.]" We disagree.

Appellants contend that Moore was never a "proponent" of the will with Article V included, but rather was a proponent of the will, coupled with the codicil, which removed Article V. Thus, appellants provide that Moore did not take inconsistent positions by filing the second caveat.

Our Supreme Court has stated "that the purpose of [judicial estoppel] was 'to protect the integrity of the judicial process . . . by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 28, 591 S.E.2d 870, 888 (2004) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749–50, 149 L. Ed. 2d 968, 977 (2001)). "[J]udicial estoppel is limited to the context of inconsistent factual assertions and . . . the doctrine should not be applied to prevent the assertion of inconsistent legal theories." *In re Will of Shepherd*, ___, N.C. App. ___, ___, 761 S.E.2d 221, 228 (Aug. 5, 2014) (No. COA 13-1149) (citing *Whitacre P'ship*, 358 N.C. at 32, 591 S.E.2d at 890). "[T]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle." *Id.* at ___, 761 S.E.2d at 227 (citing *T-WOL Acquisition Co., Inc. v. ECDG S., LLC*, 220 N.C. App. 189, 200, 725 S.E.2d 605, 612 (2012)). Nonetheless, the following three factors may be

considered in determining whether judicial estoppel is applicable:

> First, a party's subsequent position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding might pose a threat to judicial integrity by leading to inconsistent court determinations or the perception that either the first or the second court was misled. Third, courts consider whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* at ___, 761 S.E.2d at 227–28 (citing *T-WOL Acquisition Co., Inc.*, 220 N.C. App. at 200–01, 725 S.E.2d at 612).

Importantly, "[a] codicil is a supplement to a will, annexed for the purpose of expressing the testator's after-thought or amended intention. . . . It is to be construed with the will itself, and the two are to be considered as constituting a *single instrument*." *Trust Co. v. Dodson*, 260 N.C. 22, 33, 131 S.E.2d 875, 882 (1963) (emphasis added) (citations omitted).

Here, judicial estoppel was not appropriate because Moore did not present inconsistent factual assertions. Moore initially presented the will and the codicil, together as one, for probate. After appellees challenged the validity of the codicil, Moore filed a caveat nearly three years later when the statute of limitations was set to expire in an effort to preserve his original position that the deceased did not intend for Article V to be included in her will. Moore has consistently asserted that the will,

- 13 -

without Article V, represents the deceased's intent. Accordingly, because judicial estoppel does not apply, the trial court erred in concluding that appellants are barred from filing a caveat to the will based on judicial estoppel.

### 3. Quasi-Estoppel

Appellees argue that under a quasi-estoppel theory, Moore, having "accepted certain benefits under the 2008 Will, . . . cannot now assert that the document is not a valid will." Appellees claim Moore took a distribution from the estate in the amount of $509,204.90.

Appellants, on the other hand, contend that "one cannot be estopped by accepting that which he would be legally entitled to receive in any event." Moreover, appellants state that Moore did not receive the money under the will; rather it "resulted from a good faith error and an error by broker Edward Jones who it appears failed to set up survivorship accounts as directed by Sarah Moore Fuller when she was alive." After the distribution, appellees sought to remove Moore as executor of the estate. In an order entered on 30 September 2014, Assistant Clerk of Superior Court of Guilford County Kathy J. Hutchinson concluded that it was in the best interest of the estate for Moore to remain executor. The court found that "evidence presented at the hearing indicate[d] that Sarah M. Fuller took steps during her lifetime to have Jerry E. Moore made the survivor on her bank accounts and investment accounts[.]" Nonetheless, we address appellees' argument regarding

quasi-estoppel.

"Under a quasi-estoppel theory, a party who accepts a transaction or instrument and then accepts benefits under it may be estopped to take a later position inconsistent with the prior acceptance of that same transaction or instrument." *Whitacre P'ship*, 358 N.C. at 18, 591 S.E.2d at 881–82.

For example, in *In re Will of Lamanski*, cited by appellees, the caveator received numerous items of personal property pursuant to her deceased sister's will. *In re Will of Lamanski*, 149 N.C. App. 647, 648, 561 S.E.2d 537, 538 (2002). Later, a disagreement arose between the caveator and executrix, and the caveator alleged that the will was made as a result of the undue influence of the executrix. *Id.* at 648, 561 S.E.2d at 539. The executrix denied the allegation and asserted that the caveator, having already accepted the bequest contained in the will, was estopped from denying its validity. *Id.* The caveator claimed that "she cannot be estopped from contesting the will because she was legally entitled to the property which she received regardless of the validity of the will." *Id.* at 651, 561 S.E.2d at 540. The trial court disagreed with the caveator and granted summary judgment in favor of the executrix. *Id.* at 651, 561 S.E.2d at 541. This Court affirmed, stating, "[I]t is the general rule that one who accepts and retains benefits under a will is estopped to contest the will's validity[.]" *Id.* at 651, 561 S.E.2d at 540 (citing *Mansour v. Rabil*, 277 N.C. 364, 377, 177 S.E.2d 849, 857 (1970)).

The *Lamanski* Court, however, addressed the caveator's argument based on *In re Peacock's Will*, 18 N.C. App. 554, 197 S.E.2d 254 (1973). In *Peacock*, the deceased left as her sole heirs three surviving children. *Id.* at 554, 197 S.E.2d at 254. The deceased's son, Percy, accepted a check for $564.27 assuming it was an advance on his share of the estate. *Id.* at 555, 197 S.E.2d at 255. Percy later filed a caveat to his mother's will, alleging his two sisters exerted undue influence on their mother. *Id.* The sisters filed a motion for summary judgment, arguing that by accepting the check, a benefit under the will, Percy was estopped from contesting the validity of the will. *Id.* The superior court granted the sisters' motion for summary judgment based on estoppel. *Id.* at 556, 197 S.E.2d at 255.

This Court reversed, holding, "[Although] [u]nder certain circumstance[s] one who accepts and retains benefits under a will may thereby become estopped to attack its validity[,] . . . [o]ne cannot be estopped by accepting that which he would be legally entitled to receive in any event." *Id.* Because Percy would be entitled to a full one-third of his mother's estate should the will be set aside, his acceptance of a check for less than that amount could not prejudice his sisters. *Id.* Therefore, we concluded that Percy was not estopped from contesting the validity of the will. *Id.*

In *Lamanski*, however, the Court distinguished the facts, emphasizing that the "caveator would have had no legal right, outside the will, to the specific personal property which she received and retained pursuant to the specific bequest in [the

deceased's] will." *Lamanski*, 149 N.C. App. at 651, 561 S.E.2d at 541. Because the caveator in *Lamanski* was not otherwise entitled to receive a greater amount if the will were set aside, she could not contest the will's validity after accepting benefits under it. *Id.*

Here, Moore is the only remaining relative of the deceased who stood to take through intestacy at her death. If the will were set aside, the devises would then pass intestate to Moore. Thus, like the caveator in *Peacock*, Moore would be "legally entitled to receive an amount in excess of that which he accepted under the will." *Id.* at 651, 561 S.E.2d at 540. Therefore, Moore is not estopped from contesting the validity of the will because he previously accepted a benefit under it.

### III. Conclusion

We reverse the trial court's Order granting appellees' motion to dismiss. The trial court erred in concluding: (1) appellants may not file a caveat as to only part of a will; (2) Moore is precluded by judicial estoppel from challenging the will by caveat; and (3) Moore may not file a caveat after accepting benefits under the will.

REVERSED.

Judges CALABRIA and DILLON concur.

Report per Rule 30(e).