IN THE MATTER OF THE WILL OF MRS. MARVIN AVERETT.

(Filed 21 March, 1934.)

**Estoppel B a—Caveators held estopped by inconsistent position formerly taken in their petition for partition.**

Petitioners for partition, upon learning of the death of one of the tenants in common and the probate of her will, filed an amended petition in which they alleged that under the terms of the will the devisee named therein owned the undivided interest in the lands formerly belonging to the testatrix. The land was sold for partition and objection to confirmation was made because of inadequacy of purchase price. Thereafter, the petitioners, as heirs at law of the testatrix, filed a caveat to the will. The only lands sought to be devised in the will was the testatrix's in-

terest as tenant in common in the lands sought to be partitioned. *Held*, although caveators are not technically parties, for all practical purposes the parties in the caveat proceedings and the partition proceedings are the same, and the land and the interests of the parties therein are the same, and the caveators are estopped from attacking the validity of the will by their former inconsistent position taken in the partition proceedings. After knowledge of the death of the testatrix and the probate of the will, the caveators could have asked to withdraw their petition on the ground that they were not in possession of the true facts at the time the petition was filed.

Stacy, C. J., and Connor, J., dissenting.

Civil action, before *Grady, J.,* at September Term, 1933, of Sampson.

On 3 April, 1933, S. H. Mize and wife, Zeta Mize; J. E. Coley and wife, Hannah Coley; E. L. Mize and wife, Lizzie Mize; W. K. Wood and wife, Hettie Wood; Elijah King and wife, Allie King; Fred Mize and wife, Effie Mize; Alfred Mize and wife, Bettie Mize; W. H. Tillotson and wife, Lucy Tillotson, and John Tillotson and wife, Maude Tillotson, instituted a special proceeding for partition of land in the Superior Court of Granville County against Marvin Averett and wife, Lottie Averett. Summons was duly issued on 3 April, 1933. On the same date the petitioners filed a petition for partition, alleging that the petitioners and the defendants "are the owners in fee simple as tenants in common and are in possession of a certain tract of land, . . . containing 150 acres more or less. . . . That the interest of said parties in said land is as follows: S. H. Mize, Hannah Coley, E. L. Mize, Hettie Wood, Alfred Mize, Lottie Averett, Lucy Tillotson, and Maude Tillotson own a one-ninth interest each and Allie King and Fred Mize own a one-ninth interest jointly." It was further alleged in the petition that on account of the location of the buildings on the land and the number of parties interested therein that an actual partition could not be had without injury to all parties concerned, and that a sale of the land for partition would be advantageous. The petition was verified on behalf of all the petitioners by S. H. Mize. The summons for the defendants, Marvin Averett and Lottie Averett, was addressed to the sheriff of Sampson County and he returned the same endorsed as follows: "This man is out of the county and his wife is dead." Mrs. Marvin Averett or Lottie Averett died 10 April, 1933.

Thereupon on 19 April, an alias summons was issued to the sheriff of Sampson County by the clerk of the Superior Court of Granville County for Marvin Averett. This summons was duly served on Marvin Averett on 27 April, 1933. On 5 May, 1933, the petitioners amended their petition, as aforesaid, as follows: "That since the filing of the original petition in this proceeding the defendant, Lottie Mize Averett, has died leaving a last will and testament, which was probated and filed

in Sampson County, North Carolina, on 2 May, 1933, and by the terms of which she devised all her interest in the land involved in this proceeding to her husband, Marvin Averett; that the said Marvin Averett, according to the terms of said will, is now the owner of a one-ninth undivided fee simple interest in and to said land, and that summons in this proceeding has been duly served upon said Marvin Averett." This amended petition was duly verified by S. H. Mize, one of the petitioners. On 26 May, 1932, the clerk of Granville County, finding that said land could not be actually partitioned, ordered and decreed "that said land be sold for partition." A commissioner was duly appointed to make the sale. Pursuant to the order of sale the land was duly sold by the commissioner at public auction on 1 July, 1933. Thereafter on 18 July, 1933, the petitioners filed exceptions to the report of sale upon the sole ground that the sum of $3,000 was not a fair and adequate price for the property. The purchaser joined in the request by the petitioners that the sale be not confirmed, and no order of confirmation has been made.

Thereafter the petitioners instituted the present proceeding in Sampson County to caveat the will of Mrs. Marvin Averett or Lottie Averett. The will of Mrs. Marvin Averett or Lottie Averett devised to her husband, the defendant, Marvin Averett, certain personal property "and all of my interest in my mother's and father's estate." The will also appointed Marvin Averett executor thereof. The caveat filed by the petitioners alleges that the defendant, Marvin Averett, procured said paper-writing to be admitted to probate in common form, and that the caveators "are the brothers, sisters, niece and nephew of said Mrs. Marvin Averett." It was further alleged in the caveat that the will was obtained from Mrs. Marvin Averett by her husband, Marvin Averett, by undue and improper influence and duress," and that said paper-writing was not the last will and testament of Mrs. Marvin Averett for the reason that she had not sufficient mental capacity to make a will." It was further alleged that Mrs. Marvin Averett believed that she was the lawful wife of Marvin Averett and was moved thereby to execute said will "when in truth and fact she was not the lawful wife of the said Marvin Averett, who as affiants are informed and believe, had induced her to enter into a bigamous marriage," etc. Marvin W. Averett, executor of the will, filed an answer to the caveat, denying the allegations thereof, setting out certain alleged facts surrounding his marriage and expressly pleading the partition proceeding in Granville County, and particularly the amended petition as an estoppel. After hearing the cause the trial judge, finding that the petitioners in the partition proceeding in Granville County and the caveators in Sampson County were the sole heirs at law of the said Mrs. Marvin Averett, held and adjudged "that the caveators are estopped to maintain this proceeding by virtue

In re Will of Averett.

of and on account of a certain proceeding instituted in the Superior Court of Granville County." The judgment further recites that "It was admitted by the caveators that Mr. T. Lanier, one of the attorneys for the caveators, was an attorney of record for the petitioners in the foregoing proceeding, and that the petitioners in said proceeding are the same parties, who are the caveators in this proceeding. . . . It is therefore ordered and adjudged that the caveat be dismissed and the judgment of the clerk of the Superior Court declaring said paperwriting to be the last will and testament of Mrs. Marvin Averett, is declared to be binding upon the parties to this proceeding."

From the foregoing judgment the caveators appealed.

*T. Lanier, Butler & Butler and McLendon & Hedrick for caveators.*
*Royster & Royster, Parham & Lassiter, Henry A. Grady, Jr., P. D. Herring and A. McL. Graham for respondent.*

BROGDEN, J. Does the partition proceeding in Granville County preclude the petitioners from becoming caveators in Sampson County to set aside the will of Mrs. Marvin or Lottie Averett?

In order to arrive at a conclusion it is necessary to observe the chronology of facts. The caveators in the proceeding in Sampson County were the petitioners in the partition proceeding in Granville County and are the sole heirs at law of the alleged testatrix, Lottie Averett, and, if the caveat is successful, will inherit the land. The said land, of course, involved in this caveat proceeding is identically the same land involved in the partition proceeding in Granville. In the proceeding in Granville County the caveators were petitioners. They caused summons to be issued and filed a petition alleging that Lottie Averett owned a one-ninth undivided interest in said land. She died in Sampson County before the summons was served. Thereupon the caveators, as petitioners in Granville County, went back into court and asked for an alias summons against Marvin Averett, the alleged husband of Lottie Averett and her sole devisee. Thereupon Marvin Averett was brought into court in Granville. Furthermore the caveators, as petitioners in Granville County, amended the original petition alleging the death of Lottie Averett, and that she had left a last will and testament "which was probated and filed in Sampson County, North Carolina, on 2 May, 1933, and by the terms of which she devised all her interest in the land involved in this proceeding to her husband, Marvin Averett; that the said Marvin Averett, according to the terms of said will, is now the owner of a one-ninth undivided fee-simple interest in and to said land." Consequently, with full knowledge of the probate of the will in common form, and that the defendant, Marvin Averett, was sole devisee named therein, the

caveators, as petitioners, further procured an order of sale for the land in Granville County, and after the sale had been had, filed exceptions to the sale upon the sole ground of inadequacy of price. Thereafter they proceeded to Sampson County to caveat the will, alleging that the will was void. It is manifest that, if such allegation should be sustained, the practical effect of it would be to deprive Marvin Averett of his interest in the land.

While strictly speaking, there are no parties to a caveat; nevertheless, for all practical purposes, the parties are the same, the land is the same, and the relationship of the parties to the land is the same.

The principle of law applicable to the facts may be found in *Holloman v. R. R.,* 172 N. C., 372, as follows: "Where a person, has, with knowledge of the facts, acted or conducted himself in a particular manner, or asserted a particular claim, title, or right, he cannot afterwards assume a position inconsistent with such act, claim or conduct to the prejudice of another. . . . A claim made or position taken in a former action or judicial proceeding will estop the party to make an inconsistent claim or take a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party, where the parties are the same and the same questions are involved." See *Tiddy v. Graves,* 127 N. C., 502, 37 S. E., 513; *Jenkins v. Renfrow,* 151 N. C., 323, 66 S. E., 212; *Owen v. Needham,* 160 N. C., 381, 76 S. E., 211; *Weston v. Lumber Co.,* 162 N. C., 166, 77 S. E., 430; *Propst v. Caldwell,* 172 N. C., 594, 90 S. E., 757; *Ellis v. Ellis,* 193 N. C., 216, 136 S. E., 350; *Harvey v. Knitting Co.,* 197 N. C., 177, 148 S. E., 45.

It is insisted by the caveators that the issues in a caveat proceeding are not the same as those in partition. This is technically true. However, the practical result of sustaining the caveat is to deprive Marvin Averett of the very land in Sampson, which the caveators in Granville alleged that he owned in fee simple. After knowledge of the death of Lottie Averett, and the probate of the will, the caveators could have asked to withdraw the amended petition and other proceedings in Granville upon the ground that they were not in possession of the true facts and then proceed to caveat the will. This they did not do and the "door was shut."

Affirmed.

STACY, C. J., and CONNOR, J., dissenting.