IN THE MATTER OF THE WILL OF SALLIE K. PEACOCK, DECEASED

No. 7311SC292

(Filed 27 June 1973)

Wills § 13— caveat proceeding — acceptance of estate funds by caveator — no estoppel

Where the testatrix devised and bequeathed a one-third undivided interest in all her property to each of her two daughters and bequeathed the remaining one-third to two co-trustees to hold in trust for the benefit of her son, acceptance by the son of a check in an amount substantially less than one-third of the estate was insufficient to constitute an estoppel against the son to attack the validity of the will; therefore, the son's caveat having been timely filed under G.S.. 31-32 and no sufficient grounds for estoppel being shown, summary judgment dismissing the proceeding was improper.

APPEAL by caveator from *Braswell, Judge,* 13 November 1972 Session of Superior Court held in JOHNSTON County.

This is an appeal from summary judgment dismissing caveat filed 12 August 1971 by Percy Glenn Peacock to probate of the will of his mother, Sallie K. Peacock. Judgment was entered on the grounds that the caveator, by accepting and cashing a check given him by trustees of a trust for his benefit created by the will, became estopped to contest the will.

Sallie K. Peacock died 13 September 1968. As her sole heirs she left surviving three children, two daughters, Percelle Peacock Bailey and Texie Peacock Hale, and her son, Percy. On 26 September 1968 an attested instrument, dated 14 August 1962, was probated in common form as her will. By this she devised and bequeathed a one-third undivided interest in all of

her property to each of her daughters. The remaining one-third was devised and bequeathed to two co-trustees to hold in trust for the benefit of her son, Percy. The will states that the object of the trust is to "manage and conserve" the one-third interest devised to the trustees for the benefit of the son "with the express authority given to said Co-Trustees to sell, rent, reinvest, and manage the assets . . . devised to them according to their sole discretion and to use the income therefrom and also to invade the principal if it becomes necessary for the support and maintenance of . . . said son, Percy Glenn Peacock, during his lifetime, amount and time of payments made to Percy Glenn Peacock for his use are to be governed only by the decision of Co-Trustees as to necessity." The will then provides that upon the death of Percy the trust terminates and any property or funds left in the hands of the co-trustees is devised and bequeathed to testatrix's two daughters, to be theirs absolutely. One of the daughters and her husband are named as co-executors of the will and as the co-trustees of the trust for the benefit of the son.

On 12 August 1971 the son filed caveat to his mother's will, alleging undue influence exerted by his sisters and lack of mental capacity on the part of his mother. The sisters answered, denying the allegations of undue influence and lack of mental capacity. By leave of court amendments to these answers were filed in which it is alleged that on 18 May 1971 the co-trustees had distributed to the caveator by check $564.27 as a distributive share under the terms of the trust created in the will and that by acceptance and cashing of the same the caveator "is estopped to question the validity of said will by virtue of his participation in the benefits arising to him under said will." A copy of the check was attached to the amended answers. The answers prayed that the caveat be dismissed as a matter of law.

On 20 October 1972 the sisters filed motion for summary judgment to obtain the relief requested in their amended answers. The caveator filed his own affidavit in opposition to this motion. In this he stated that when he received the check for $564.27 on or about 18 May 1971, "it was his assumption that it was an advance of the money to which he was entitled; that at the time he was in desperate financial circumstances; that he is not versed in the law; that he had no way of knowing and did not know that by accepting the check there would be any question about his right to protest the validity of the will of

his mother; that the check in the amount of $564.27 is the only money which he has ever received, although there is considerable money in the estate; that the interests of the other heirs of his mother, Sallie K. Peacock, to wit: his sisters, Percelle Peacock Bailey and Texie Peacock Hale, have not been prejudiced in any way, by his having cashed the check."

The court, concluding as a matter of law that the acceptance and cashing of the check was a "ratification, affirmation, and approval" of the validity of the will and that caveator " is now estopped from contesting the validity thereof," granted the motion for summary judgment and ordered the caveat dismissed. Caveator appealed.

*L. Austin Stevens and Wiley Narron for caveator appellant.*

*Albert A. Corbett, Jr., and P. D. Grady, Jr., for propounder appellees.*

PARKER, Judge.

Under certain circumstances, one who accepts and retains benefits under a will may thereby become estopped to attack its validity. Annot: Will Contest—Estoppel, 28 A.L.R. 2d 116. Such is not the present case. One cannot be estopped by accepting that which he would be legally entitled to receive in any event. 28 Am. Jur. 2d, Estoppel and Waiver, § 60, p. 680. Should the will be set aside in the present case, appellant will be entitled to a full one-third of his mother's estate. His acceptance of a check for less than that amount could in no way prejudice his sisters in event probate of the will is subsequently set aside. Nothing in the circumstances indicates any reason why it would be inequitable for appellant to proceed with his caveat. Should he succeed, he will ultimately receive no more than the law will allot him; should he fail, he will receive no more than the trustees in proper perfomance of their duties under his mother's will may distribute to him. His caveat having been timely filed under G.S. 31-32 and no sufficient grounds for estoppel being shown, the summary judgment dismissing this proceeding is

Reversed.

Judges BROCK and MORRIS concur.