IN THE MATTER OF THE WILL OF J.S. LAMANSKI, AKA JOSEPHINE S. LAMANSKI

No. COA01-602

(Filed 2 April 2002)

**Wills— caveat—estoppel—bequest accepted**

A caveator was estopped to challenge the validity of a will in a caveat proceeding by her prior petition in which she asserted entitlement to personal property bequeathed to her by the will and her acceptance of benefits under the will. Although the caveator argued that she was not estopped from contesting the will because she would be entitled to one-third of the net estate if the will was set aside, she had no right to specific property without the specific bequest in the will.

Appeal by caveator from order entered 22 January 2001 by Judge Loto Greenlee Caviness in Henderson County Superior Court. Heard in the Court of Appeals 21 February 2002.

*Prince Youngblood & Massagee, by Boyd B. Massagee, Jr., and Sharon B. Alexander, for propounder-appellee.*

*Law Offices of E.K. Morley, PLLC, by E.K. Morley, for caveator-appellant.*

MARTIN, Judge.

Josephine S. Lamanski died on 6 July 1998 in Henderson County. On 17 July 1998, a paper writing ("the will") was presented to the Clerk of Superior Court of Henderson County for probate as Mrs. Lamanski's last will and testament. Item II of the will provided:

Item II: I give and bequeath to my sister, Mary C. Sambor, her choice of any tangible personal property in my home, if she survives me.

In Item III of her will, Mrs. Lamanski made specific bequests of cash and personal property to two brothers, a niece, and a nephew, and devised her home and the contents not otherwise bequeathed to Tracy Burns, subject to any mortgage indebtedness existing at the time of Mrs. Lamanski's death. The will named Mrs. Lamanski's attorney, Carlton M. Green of College Park, Maryland, as her Personal Representative, and Tracy Burns as successor Personal Representative if Mr. Green was unable or unwilling to serve. Mr.

Green renounced and Ms. Burns qualified as executrix of Mrs. Lamanski's estate.

Ms. Sambor selected and received numerous items of personal property pursuant to the bequest. However, a disagreement arose between Ms. Sambor and the executrix over the alleged failure of the executrix to deliver certain items to which Ms. Sambor contended she was entitled and, on 5 May 1999, Ms. Sambor filed a petition to revoke the Letters Testamentary issued to Ms. Burns. In the petition, Ms. Sambor affirmatively alleged, *inter alia*:

2. That the said decedent left a Last Will and Testament dated April 7, 1997, which was admitted to probate on July 17, 1998.

4. ITEM II of the Last Will & Testament of the named decedent as probated bequeaths to the decedent's surviving sister, Mary C. Sambor, her choice of any tangible personal property in decedent's home.

The petition alleged that Ms. Burns had failed to deliver certain items of personal property requested by Ms. Sambor, and that such failure warranted her removal as executrix of Mrs. Lamanski's estate. None of the items which she received as a result of the bequest was returned to the estate by Ms. Sambor.

On 15 November 1999, Ms. Sambor, as caveator, filed a caveat to the will, in which she alleged the will was made as a result of duress and undue influence exerted upon Mrs. Lamanski by Tracy Burns. Ms. Burns, as respondent-propounder, filed a response to the caveat, denying the allegations of duress and undue influence and asserting, *inter alia*, the affirmative defense that, due to her acceptance of the bequest contained in the will, Ms. Sambor is estopped to deny the will's validity.

Respondent-propounder moved for summary judgment. The trial court found there were no genuine issues of disputed fact that the caveator, Ms. Sambor, had elected to receive property under the will, and that in her petition to remove Ms. Burns as executrix, she had affirmatively pleaded her entitlement to receive property under the will. The trial court concluded that Ms. Sambor, having had previously asserted the validity of the will and accepted benefits thereunder, was estopped to challenge the will's validity through the caveat proceeding. Caveator appeals from the order allowing respondent-propounder's motion for summary judgment.

**IN RE WILL OF LAMANSKI**

[149 N.C. App. 647 (2002)]

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). The burden is on the moving party to show the absence of any genuine issue of fact and his entitlement to judgment as a matter of law. *First Federal Savings & Loan Ass'n. v. Branch Banking & Trust Co.*, 282 N.C. 44, 191 S.E.2d 683 (1972). A party moving for summary judgment in the defense of an action may satisfy that burden by showing that the party asserting the claim cannot overcome an affirmative defense which would bar the action. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 414 S.E.2d 339 (1992). In ruling on a motion for summary judgment, the court is not authorized to resolve any issue of fact, only to determine whether there exists any genuine issue of fact material to the outcome of the case. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975).

The issue raised by this appeal is whether appellant-caveator is estopped from maintaining a caveat proceeding denying the validity of Mrs. Lamanski's will by her earlier petition in which she asserted entitlement to property under the will and sought to remove Ms. Burns as executrix for alleged violations of her duties under the will. Guided by the decision of our Supreme Court in *In re Averett's Will*, 206 N.C. 234, 173 S.E. 621 (1934), we answer the issue adversely to appellant-caveator.

In *Averett*, the petitioners initially filed a special proceeding requesting a partition of land owned by the petitioners and the respondents, Lottie and Marvin Averett. The petitioners then amended their original petition, stating that,

> "since the filing of the original petition in this proceeding the defendant, Lottie Mize Averett, has died leaving a last will and testament, which was probated and filed in Sampson County, North Carolina, on May 2, 1933, and by the terms of which she devised all her interest in the land involved in this proceeding to her husband, Marvin Averett; that the said Marvin Averett, according to the terms of said will, is now the owner of a one-ninth undivided fee simple interest in and to said land, and that summons in this proceeding has been duly served upon said Marvin Averett."

*Id.* at 235-36, 173 S.E. at 621.

**IN RE WILL OF LAMANSKI**

[149 N.C. App. 647 (2002)]

While the partition proceeding was pending, petitioners filed a caveat to Lottie Averett's will, alleging that the will was obtained by Marvin Averett through undue influence and duress, and that Marvin Averett was not actually the lawful husband of the decedent. *Id.* at 236, 173 S.E. at 622. The Court affirmed the trial court's dismissal of the caveat on the basis of estoppel. *Id.* at 238, 173 S.E. at 623.

Where a person has, with knowledge of the facts, acted or conducted himself in a particular manner, or asserted a particular claim, title, or right, he cannot afterwards assume a position inconsistent with such act, claim, or conduct to the prejudice of another. . . . A claim made or position taken in a former action or judicial proceeding will estop the party to make an inconsistent claim or take a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party, where the parties are the same, and the same questions are involved.

*Id.* at 238, 173 S.E. at 622-23 (citations and internal quotations omitted). Although the Court acknowledged that, at least technically, different questions were presented in the two proceedings, it nevertheless held that the caveators were estopped from contesting the validity of the will after they had taken an inconsistent position in the partition proceeding. *Id.* "A party cannot either in the course of litigation or in dealings *in pais* occupy inconsistent positions, and, where one has an election between several inconsistent courses of action, he will be confined to that which he first adopts." *In re Lloyd's Will,* 161 N.C. 557, 559, 77 S.E. 955, 956 (1913).

In the present case, appellant-caveator is estopped from challenging the will because she previously relied on the will to assert rights to personal property bequeathed to her therein. It is undisputed that Ms. Sambor selected items of personal property from Mrs. Lamanski's home and requested that they be delivered to her. Ms. Burns, as executrix under the will, caused many of those items to be delivered to Ms. Sambor, and Ms. Sambor admitted that she was in possession of those items. Ms. Sambor then filed a petition to revoke the letters testamentary issued to Ms. Burns, claiming entitlement under the will to additional items which she contended Ms. Burns had refused to deliver to her in breach of her fiduciary duty under the will. Having judicially asserted rights consistent with the validity of the will, appellant-caveator is estopped, in a subsequent proceeding, from asserting the inconsistent position of disputing the will's validity. *See In re Averett's Will,* 206 N.C. 234, 173 S.E. 621.

**IN RE WILL OF LAMANSKI**

[149 N.C. App. 647 (2002)]

Nevertheless, appellant-caveator argues that if the will were to be set aside, she would be entitled to one-third of the net estate. Thus, she contends, she can not be estopped from contesting the will because she was legally entitled to the property which she received regardless of the validity of the will. Under the facts of this case, we reject her argument.

Although it is the general rule that one who accepts and retains benefits under a will is estopped to contest the will's validity, *Mansour v. Rabil*, 277 N.C. 364, 177 S.E.2d 849 (1970), "[o]ne cannot be estopped by accepting that which he would be legally entitled to receive in any event." *In re Peacock's Will*, 18 N.C. App. 554, 556, 197 S.E.2d 254, 255 (1973) (citation omitted). In *Peacock*, the decedent's son received a cash bequest which was less than the amount he would have been entitled to receive if the will were set aside. Since he would have been legally entitled to receive an amount in excess of that which he accepted under the will, his acceptance of the bequest did not estop him from contesting the validity of the will. *Id.* In the present case, however, appellant-caveator would have had no legal right, outside the will, to the specific personal property which she received and retained pursuant to the specific bequest in Mrs. Lamanski's will. *See* N.C. Gen. Stat. § 28A-22-8 (2001) ("Unless otherwise restricted by the terms of the will or trust, an executor or trustee shall have absolute discretion to make distributions in cash or in specific property.").

The order granting respondent-propounder's motion for summary judgment and dismissing the caveat proceeding is affirmed.

Affirmed.

Judges HUDSON and CAMPBELL concur.