IN THE MATTER OF THE WILL OF SHIRLEY G. SMITH, DECEASED

No. COA02-1323

(Filed 1 July 2003)

### 1. Wills— caveat—acceptance of benefits

The trial court erred by granting summary judgment against a caveator based on her acceptance of a car under the challenged will. A caveator cannot be estopped by accepting that to which she would be entitled in any event.

### 2. Wills— caveat—testamentary capacity—summary judgment—no evidence of lack of capacity

The trial court properly granted summary judgment for the executor on the issue of testamentary capacity. The caveator's affidavits show a general decline in decedent's health, that she knew the nature of her bounty, and that she did not want to bequeath her estate to the caveator. There was no direct evidence of defendant's lack of testamentary capacity at the time the will was executed.

### 3. Wills— caveat—undue influence—summary judgment

The trial court erred by granting summary judgment for the executor on the issue of undue influence. Whether factors showing undue influence existed presented questions of material fact.

Appeal by caveator from order entered 3 June 2002 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 10 June 2003.

*William G. Barbour for caveator-appellant.*

*Wyatt Early Harris Wheeler, LLP, by William E. Wheeler, for executor-appellee.*

TYSON, Judge.

Julie S. Michaux Pruitt ("caveator") appeals from the grant of summary judgment in favor of Carrie A. Allison ("executor"), dis-

missing the caveat proceeding, and admitting the "Last Will and Testament of Shirley G. Smith" ("Will") to probate. We affirm in part, reverse in part, and remand.

## I. Background

On 6 February 2001, Shirley G. Smith ("decedent") executed the Will which revoked all prior testamentary dispositions and bequeathed her vehicle to caveator, her daughter. The Will named executor, decedent's "good friend", as the beneficiary of the remainder of the property and appointed her as executrix of the estate.

On 16 September 2001, decedent died at the age of sixty-one and was survived by the caveator, two grandchildren, a great-granddaughter and some siblings. In the five years prior to her death, decedent had executed at least three different wills. Each will substantially altered who would claim the majority of decedent's estate.

On 20 September 2001, executor submitted the Will for probate, qualified as executor, and was issued letters testamentary. On 12 October 2001, caveator filed a caveat proceeding alleging that decedent lacked testamentary capacity and that the Will was obtained by executor through undue and improper influence and duress. Executor responded by alleging that caveator received and accepted her bequest on 5 October 2001.

On 26 March 2002, executor moved for summary judgment. On 3 June 2002, the trial court found there was no issue of material fact as to the validity of the Will, decedent's testamentary capacity, and undue influence and granted summary judgment. It further found that "it appears without contradiction that Caveator acknowledged the validity of the Will on October 5, 2001, prior to filing this caveat proceeding on October 19, 2001, as a matter of law, by accepting a bequest to her under Item II, of the Will, to wit: a 1999 Chevrolet minivan." Caveator appeals.

## II. Issues

Caveator contends the trial court erred in granting summary judgment on the issues of (1) estoppel, (2) testamentary capacity, and (3) undue influence.

## III. Standard of Review

Summary judgment is appropriate if there is no genuine issue of material fact and any party is entitled to judgment as a matter of law.

N.C. Gen. Stat. § 1A-1, Rule 56 (2001). "The burden is on the moving party to show the absence of any genuine issue of fact and his entitlement to judgment as a matter of law." *In re Will of Lamanski*, 149 N.C. App. 647, 649, 561 S.E.2d 537, 539 (2002). A defendant may satisfy the burden by showing that the party asserting the claim cannot overcome an affirmative defense which would bar the action. *Id.*

## IV. Estoppel

**[1]** Caveator contends that the trial court erred in granting the executor summary judgment on the grounds of estoppel. We agree.

"Although it is the general rule that one who accepts the benefits under a will is estopped to contest the will's validity, '[o]ne cannot be estopped by accepting that which he would be legally entitled to receive in any event.' " *Lamanski*, 149 N.C. App. at 651, 561 S.E.2d at 540 (citing *Mansour v. Rabil*, 277 N.C. 364, 177 S.E.2d 849 (1970); quoting *In re Will of Peacock*, 18 N.C. App. 554, 556, 197 S.E.2d 254, 255 (1973)).

In *Lamanski*, the decedent's sister was bequeathed "any tangible personal property in my home." *Id.* at 647, 561 S.E.2d at 538. Pursuant to the will, she selected and received numerous items of personal property. *Id.* at 648, 561 S.E.2d at 539. She subsequently filed a caveat proceeding contesting the validity of the will. *Id.* Decedent's sister would have been entitled to one third of the net estate if the will was set aside. *Id.* at 651, 561 S.E.2d at 540. This Court held that since "appellant-caveator would have had no legal right, outside the will, to the specific personal property which she received and retained pursuant to the specific bequest in [the will]" she was estopped from filing a caveat proceeding. *Id.*

In *Peacock*, the decedent's son received and accepted cash pursuant to the decedent's will which was less than the amount he would have received if the will had been set aside. *Peacock*, 18 N.C. App. at 556, 197 S.E.2d at 255. This Court reversed summary judgment based on estoppel and held that since the caveator would have been entitled to receive the money in any event, he was not estopped from asserting a subsequent caveat proceeding. *Id.*

The case at bar is more similar to *Peacock* than to *Lamanski*. Under the challenged Will, caveator received and accepted the decedent's vehicle. Under the prior will, caveator would receive the same vehicle. As the only child of decedent, caveator would receive the entire estate, including the vehicle. We hold that "[n]othing in the cir-

cumstances indicates any reason why it would be inequitable for appellant to proceed with his caveat." *Peacock*, 18 N.C. App. at 556, 197 S.E.2d at 255. The trial court erred in granting summary judgment based on estoppel.

## V. Testamentary Capacity

[2] Caveator argues the trial court erred in granting summary judgment on the issue of testamentary capacity. We disagree.

"A testator has testamentary capacity if he comprehends the natural objects of his bounty; understands the kind, nature and extent of his property; knows the manner in which he desires his act to take effect; and realizes the effect his act will have upon his estate." *In re Will of Buck*, 130 N.C. App. 408, 412, 503 S.E.2d 126, 130 (1998), *aff'd*, 350 N.C. 621, 516 S.E.2d 858 (1999) (citing *In re Will of Shute*, 251 N.C. 697, 111 S.E.2d 851 (1960)).

"In our jurisprudence, a presumption exists that every individual has the requisite capacity to make a will, and those challenging the will bear the burden of proving, . . ., that such capacity was wanting." *In re Will of Sechrest*, 140 N.C. App. 464, 473, 537 S.E.2d 511, 517 (2000). A caveator cannot "establish lack of testamentary capacity where there [is] no specific evidence 'relating to testator's understanding of his property, to whom he wished to give it, and the effect of his act in making a will at the time the will was made.' " *In re Estate of Whitaker*, 144 N.C. App. 295, 298, 547 S.E.2d 853, 856 (2001) (quoting *Buck*, 130 N.C. App. at 413, 503 S.E.2d at 130). It is not sufficient for a caveator to present "only general testimony concerning testator's deteriorating physical health and mental confusion in the months preceding the execution of the will, upon which [a caveator] based [her] opinion[] as to [the testator's] mental capacity." *Buck*, 130 N.C. App. at 412, 503 S.E.2d at 130.

In *Buck*, we stated that the evidence presented, "while showing testator's weakened physical and mental condition in general, did not negate his testamentary capacity at the time he made the will, i.e., his knowledge of his property, to whom he was giving it, and the effect of his act in making a will. Therefore, caveator's evidence was insufficient to make out a *prima facie* case of lack of testamentary capacity." *Id.*

The caveator's affidavits show only a general decline in decedent's mental and physical health in the years prior to the execution of the Will. This evidence also shows that decedent knew the nature

of her bounty and that she did not want to bequeath her estate to the caveator because she "didn't think [caveator] capable of managing herself and money and property." There was no direct evidence of decedent's lack of testamentary capacity at the time of the execution of the Will.

Caveator at bar "fails to set forth specific facts showing that [decedent] was incapable of executing a valid will at the time she did so, notwithstanding her alleged mental condition in the years surrounding the will's execution." *Whitaker*, 144 N.C. App. at 300, 547 S.E.2d at 857 (citing *In re Will of Maynard*, 64 N.C. App. 211, 227, 307 S.E.2d 416, 428 (1983), *disc. rev. denied*, 310 N.C. 477, 312 S.E.2d 885 (1984) ("the insane person during a lucid interval can make a valid will.")). The trial court properly granted summary judgment on the issue of testamentary capacity.

## VI. Undue Influence

[3] Caveator contends the trial court erred in granting summary judgment on the issue of undue influence because there are genuine issues of material fact. We agree.

In the context of a will caveat, "[u]ndue influence is more than mere persuasion, because a person may be influenced to do an act which is nevertheless his voluntary action." The influence necessary to nullify a testamentary instrument is the " 'fraudulent influence over the mind and will of another to the extent that the professed action is not freely done but is in truth the act of the one who procures the result.' "

*Sechrest*, 140 N.C. App. at 468-69, 537 S.E.2d at 515 (citations omitted). The four general elements of undue influence are: (1) decedent is subject to influence, (2) beneficiary has an opportunity to exert influence, (3) beneficiary has a disposition to exert influence, and (4) the resulting will indicates undue influence. *Id.* Relevant factors include:

"1. Old age and physical and mental weakness.

2. That the person signing the paper is in the home of the beneficiary and subject to his constant association and supervision.

3. That others have little or no opportunity to see [her].

4. That the will is different from and revokes a prior will.

5. That it is made in favor of one with whom there are no ties of blood.

BROWN v. FOREMOST AFFILIATED INS. SERVS., INC.

[158 N.C. App. 727 (2003)]

6. That it disinherits the natural objects of [her] bounty.

7. That the beneficiary has procured its execution."

*Id.* (citations omitted).

Whether these or other factors exist and whether executor unduly influenced decedent in the execution of the Will are material questions of fact. The trial court erred in granting summary judgment to executor on the issue of undue influence.

### VII. Conclusion

The trial court properly granted summary judgment on the issue of testamentary capacity. The trial court erred in granting summary judgment based on estoppel and on the issue of undue influence.

Affirmed in part, reversed in part and remanded.

Chief Judge EAGLES and Judge STEELMAN concur.